NICOLÁS ORTIZ LEBRÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 992. Submitted May 19, 1937.—Decided May 26, 1937.

*Víctor M. Pons* and *Guillermo Gil Rivera* for appellant. The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Upon the presentation for record in the Registry of Property of Guayama of mortgage deed No. 21, executed on March 3, 1937, by Escolástica Rodríguez de González in favor of Nicolás Ortiz Lebrón, before Notary Víctor M. Pons Gil, the following decision was entered:

"The foregoing instrument is recorded . . . and record is denied of the eighth clause thereof, whereby the debtor, Escolástica Rodríguez, renounces in favor and for the benefit of the said creditor, any right or interest she may have or shall have under any statute, enacted or to be enacted by the Legislative Assembly of Puerto Rico or by the Congress of the United States of America, which in any way might injure or diminish the rights of the creditor, because such waiver extends to the benefits granted by Act No. 87, approved by the Legislative Assembly of Puerto Rico on May 13, 1936, concerning the right of homestead, which right, according to the statute, can not be waived; and although the aforesaid debtor states that she is not the head of a family, since she has no dependents, and that she does not occupy the mortgaged property as her residence, and that she has not established her homestead therein, such circumstances are of a transitory character. . . ."

Feeling aggrieved by that decision, the mortgage creditor took this administrative appeal.

The clause in question of the said deed textually reads as follows:

"*Eighth:* The appearing party, Escolástica Rodríguez, states that she is not the head of a family, because no one is dependent

on her for support, that she does not occupy the property as her residence, and that she has not established her homestead therein, and further states that she waives in favor of and for the benefit of the mortgage creditor, any right or interest that she may have or shall have under any statute enacted or to be enacted by the Legislative Assembly of Puerto Rico, or by the Congress of the United States of America, which in any way might injure or diminish the rights of the mortgage creditor.''

As we have seen, the refusal of the registrar is confined to the existence of a waiver in connection with the homestead right. Our discussion must and will be limited accordingly.

The appellant admits that a homestead right can not be waived, that the existing situation as it appears from the deed is transitory, and that there is a possibility that the debtor may, in the future, establish her homestead in the mortgaged property; but he argues that said right, which the debtor may wish to exercise in the future, is not included in the waiver.

He maintains that the debtor, by the clause in question, does not waive all the rights or benefits that she may have or shall have under existing or future statutes, but limits her waiver to those rights which might, in any way, injure or diminish the rights of the mortgage creditor; and as the establishment of a homestead right could in no way injure or diminish the rights under the mortgage which was previously constituted in favor of the creditor, it is clear that no homestead right is included in the waiver.

He is right, in our opinion. This court held in the case of *Colón* v. *Giorgi,* 38 P.R.R. 328, that:

"In accordance with the law and the jurisprudence the right of homestead can be claimed only when it has been established prior to the lien imposed by its owner.

" 'That every householder, having a family shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence . . . ' is provided by the Porto Rican stat-

ute governing the matter (Comp. 1911, p. 213), and the jurisprudence is as follows:

" 'Where occupancy is required before the homestead privilege attaches if the premises are not actually resided upon at the time of levy they cannot be claimed as exempt; and obviously the general rule above stated will apply where it is sought to claim the exemption as against judgments, mortgages, other liens, or even general claims, existing prior to occupancy of the premises for homestead purposes.' 29 C. J. 861.

" 'As a general rule exemption laws must be construed with reference to the condition of things existing at the date of the seizure, or at the time the lien of the process attached; and if the right does not exist at this time, it cannot be created by any subsequent act of the debtor. And so where the property is not impressed with the homestead character at the time when the lien attaches, the fact that it became so afterward cannot deprive the lien claimant of his lien.' 13 R.C.L. 601.

"The case of *Dávila* v. *Sotomayor*, 35 P.R.R. 726, invoked by the appellant is not contrary to the foregoing doctrine. In that case the spouses Sotomayor-Pizarro had had their right of homestead in the property in question for about thirty years and created a lien on it later, Dávila knowing that they lived on it with their children."

That being so, we are of opinion that the appeal must be sustained and the decision of the registrar reversed as to the part complained of.